IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DREXEL MALONE, Individual citizen and citizen of Tennessee, | )<br>)<br>) |
| Plaintiff, | ) Case No. 3:13-01150<br>) Chief Judge Haynes |
| v. | )<br>) |
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a citizen of Virginia, | )<br>)<br>)<br>) |
| Defendant. | ) |

# MEMORANDUM

Plaintiff, Drexel Malone, a Tennessee citizen, filed this action originally in the Chancery Court of Davidson County, Tennessee against the Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") seeing to invalidate the foreclosure proceedings against his property arising out of a mortgage loan that was secured by real estate previously owned by Plaintiff at 1668 Stokely Drive, Old Hickory, Tennessee 37138 (the "Property"). The Property was sold at foreclosure sale on March 21, 2013. The Bank of New York Mellon ("BONY Mellon") was the highest bidder and thus was deeded title to the Property. The Defendant, a Delaware corporation, removed this action to this Court citing diversity jurisdiction. 28 U.S.C. § 1332. Plaintiff filed a notice to remand that the Court denied. (Docket Entry No. 17).

Before the Court is the Defendant's motion to dismiss (Docket Entry No. 5) citing this action as the third action involving the foreclosure of Plaintiff's residence and thus, arguing that the res judicata and collateral estoppel doctrines bar this action. Plaintiff filed has response

1

(Docket Entry No. 9) contesting the applicability of both doctrines.

In the first action, on April 15, 2013, BONY Mellon filed a forcible entry and detainer action in Tennessee General Sessions court against Plaintiff, but this action was transferred to Circuit Court where Plaintiff asserted claims against BONY Mellon; Rubin Lublin TN, PLLC; Bank of America; and Irene Fragoso ("Defendants") for wrongful foreclosure and that action was removed to this Court. Malone v. Bank of New Your Mellon, No. 3:13-00518. On August 23, 2013, this Court dismissed the action with prejudice for failure to state a claim. Id. at Docket Entry Nos. 11and 12.

On July 5, 2013, Plaintiff filed a second action in Chancery Court of Davidson County during the pendency of the first detainer action. Plaintiff's claims concerned foreclosure of the Property with allegations virtually identical to his allegations in this third action. BONY Mellon then removed the action to this Court. Malone v. Bank of New Your Mellon, et al., No. 3:13-0794. On August 26, 2013, this Court dismissed the second action with prejudice because Plaintiff "asserts essentially the same claims as in [the first action]." Id. at Docket Entry No. 16.

On September 16, 2013, Plaintiff filed this third action in the Chancery Court of Davidson County asserting claims relating to the foreclosure of the Property, against MERS alleging that MERS's assignment of the Deed and Trust was fraudulent. (Docket Entry No. 1-1, Complaint). MERS removed that action to this Court.

The res judicata doctrine bars a successive action between the same parties or their privies on the same claims and issues which were or should have been litigated in the former action. Simmons v. Fed. Nat. Mortg. Ass'n., 2013 WL 1899793, at *2 (M.D. Tenn. May 7, 2013). Under res judicata, the defendant must show: (1) that the prior action resulted in a final

judgment on the merits by a court of competent jurisdiction; (2) that the prior action involved the same parties, or their privies; (3) that the current action presents claims on issues actually litigated or which should have litigated in the prior action; and (4) that an identity of the claims in the two actions. Id.

Here, Plaintiff's first and second actions were properly removed from state court to this Court under the diversity and federal questions statutes jurisdiction. 28 U.S.C. §§ 1331 and 1332. MERS is in privity with the defendants in the prior actions involving the foreclosure on Plaintiff's property. The defendants in Plaintiff's first and second actions have identical interests with MERS, namely, the lawfulness of the foreclosure. See Dimov v. EMC Mortg. Corp., 2012 WL 1071186, at *3 (E.D. Tenn. March 29, 2012) (although not named in the first action, MERS, the nominee lender, was in privity with the lender)." To determine privity, the court examines whether the parties share an identity of interests. ABS Industries, Inc. ex rel. ABS Litigation Trust v. Fifth Third Bank, 333 F. Appx. 994, 999 (6th Cir. 2009). ("We find that a mutuality of interest, including an identity of desired results, creates privity between [parties for res judicata purposes]."). This Court concludes that Plaintiff's three actions involve the "same parties or their privies.

Any allegedly fraudulent transfer of the deed of trust on the Property that allegedly led to the foreclosure, should have litigated in Plaintiff's first action. "Where the two causes of action arise from the 'same transaction, or series of transactions,' the plaintiff should have litigated both causes in the first action and may not litigate the second issue later." Rawe v. Liberty Mut. Fire Ins. Co., 462 F.3d 521, 529 (6th Cir. 2006)). In Simmons, the Court deemed the third prong satisfied where both the original and subsequent actions involved claims relating to a foreclosure.

2013 WL 1899793, at *3. This action and Plaintiff's two prior actions involve the same claims, namely, the foreclosure of the Property.

This action concerns the foreclosure of the Property that have been raised or could have been raised in Plaintiff's two prior actions. Thus, the Court concludes that the <u>res judicata</u> doctrines bars this action and the Defendant's motion to dismiss should be granted.

An appropriate Order is filed herewith.

**ENTERED** this the 2nd day of April, 2014.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court